**In the Interest of S.T. and B.T., Children.**

No. 10–07–00306–CV.

Court of Appeals of Texas, Waco.

Nov. 28, 2007.

Dissenting Order Dec. 3, 2007.

Channa E. Borman, C.E. Borman & Associates, College Station, Bruce L. Errant, Bryan, TX, for Appellant/Relator.

Donald Taylor, Navasota, TX, pro se.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee/Respondent.

Jami G. Lowry, Attorney At Law, Franklin, TX, for Ad Litem.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

Donald Taylor brings this appeal from a judgment terminating his parental rights.[1] After judgment, the trial court held a hearing on Taylor's claim of indigence and on the statement of points for appeal he had filed. The court concluded that Taylor had failed to prove his indigence and that his appeal is frivolous. *See* TEX. FAM. CODE ANN. § 263.405(d) (Vernon Supp. 2007). We hold that: (1) the court abused its discretion by finding that Taylor failed to prove his indigence; (2) the appeal must be abated for appointment of counsel; and (3) Taylor or another party must provide a reasonable explanation for the late filing of Taylor's request for preparation of the clerk's record or this appeal will be dismissed.

### Background

The trial court signed the termination decree on September 12, 2007. Taylor filed a notice of appeal, an affidavit of indigence, and a statement of points for appeal on September 26. He filed a supplemental statement of points on September 27. The Department filed an objection to Taylor's indigence claim on October 3. The court conducted a hearing on these matters on that same day and concluded that Taylor had failed to prove his indigence and that his appeal is frivolous.

A reporter's record of this post-judgment hearing was filed in this Court on October 16. A limited clerk's record was filed on October 30.

### Section 263.405(g)

Section 263.405(g) of the Family Code provides in pertinent part that an "appellant may appeal the court's order denying the appellant's claim of indigence or the court's finding that the appeal is frivolous." TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2007). Thus, the only issues Taylor can appeal at this juncture are the findings that he failed to establish his indigence and that his appeal is frivolous. *See In re R.A.P. II,* No. 14–06–00109–CV, 2007 WL 174376, at *2 (Tex.App.-Houston [14th Dist.] Jan. 25, 2007, no pet.) (mem.op.) ("the aggrieved parent can appeal, but the appeal is limited to the frivolousness issue"); *In re K.D.,* 202 S.W.3d 860, 865 (Tex.App.-Fort Worth 2006, no pet.) ("once the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding").

Because of the trial court's post-judgment rulings, the scope of appellate review

---

1. Because this suit was instituted by the Department of Family and Protective Services, this appeal is governed by section 263.405 of the Family Code. *See* TEX. FAM.CODE ANN. §§ 263.401(a), 263.405 (Vernon Supp.2007).

is limited. TEX. FAM.CODE ANN. § 263.405(g); *R.A.P.*, 2007 WL 174376, at *2; *K.D.*, 202 S.W.3d at 865. Taylor's notice of appeal was filed before the trial court made its post-judgment rulings and seeks review of the termination decree. Before this Court can reach the substantive merits of Taylor's case however, this Court must determine whether his appeal is frivolous and whether he should be permitted to proceed as an indigent party. Therefore, this Court will presume that Taylor is challenging the trial court's post-judgment rulings at this juncture of the appeal.[2]

## Perfecting the Appeal

Subsection (g) of this statute plainly states the manner by which a party obtains appellate review of adverse determinations under section 263.405(d).[3]

> The appellant may appeal the court's order denying the appellant's claim of indigence or the court's finding that the appeal is frivolous by filing with the appellate court the reporter's record and clerk's record of the hearing held under this section, both of which shall be provided without advance payment, not la-

ter than the 10th day after the date the court makes the decision.

TEX. FAM.CODE ANN. § 263.405(g).

■ We fully acknowledge that this Court requires a separate notice of appeal in a criminal appeal in which a defendant seeks to challenge the trial court's determination that he is not indigent for purposes of appeal.[4] *See, e.g., Duncan v. State*, 158 S.W.3d 606, 607 (Tex.App.-Waco 2005, order) (per curiam), *appeal dismissed*, 220 S.W.3d 131 (Tex.App.-Waco 2007, pet. ref'd). This Court also requires a separate notice of appeal in an ordinary civil appeal in which a defendant seeks to challenge the trial court's determination that he is not indigent. *See, e.g., Baughman v. Baughman*, 65 S.W.3d 309, 311 (Tex.App.-Waco 2001, pet. denied); *accord Rodgers v. Mitchell*, 83 S.W.3d 815, 817–18 (Tex.App.-Texarkana 2002, no pet.). In such cases however, there is not a specific statute or rule which specifies how the appeal is to be perfected. By comparison, section 263.405(g) plainly states the requirements for perfecting an appeal of adverse rulings under section 263.405(d). Therefore, we hold that no separate notice of appeal is required.

**2.** This presumption finds further support in Taylor's "Designation of Record on *Appeal of Indigency Ruling*" (emphasis added) which he filed with the district clerk. In this document, Taylor asked the district clerk to file without advance payment of costs a limited clerk's record containing eighteen items filed after the judgment. The district clerk has complied with this request.

**3.** This Court has taken a different approach to ascertain whether an appellant under similar circumstances desired to appeal adverse indigence and frivolousness rulings. *See In re V.I.*, 206 S.W.3d 170, 170 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting) (quoting notice letter sent at behest of majority of justices). In *V.I.*, this notice letter directed the appellant's counsel to give this Court writ-

ten notice whether she desired to appeal those rulings. In that case, however, all this Court had before it was the notice of appeal (from the termination decree). Here, the Court has both a reporter's record from the post-judgment hearing and a limited clerk's record. Therefore, we limit *V.I.* to its unique facts.

**4.** The Court of Criminal Appeals has implicitly endorsed this Court's insistence on a separate notice of appeal in such cases. *See Whitehead v. State*, 130 S.W.3d 866, 870, 880 (Tex.Crim.App.2004) (discussing when notice of appeal from adverse indigence ruling was filed and setting date when "notice of appeal from the judgment of conviction" would need to be filed).

## Timeliness of Appeal

■ Section 263.405(g) requires the clerk's and reporter's records to be filed "without advance payment, not later than the 10th day after the date the court makes the decision" being appealed. Tex. Fam.Code Ann. § 263.405(g). Here, because the trial court signed its order on October 3, 2007, the records were due on Monday, October 15. *See* Tex.R.App. P. 4.1(a). Although the reporter's record was timely filed,[5] the clerk's record was not, having been filed on October 30. Thus, Taylor's indigence/frivolousness appeal was arguably not timely perfected.

Nonetheless, a litigant has little control over a trial court clerk or a court reporter. Presumably for this reason, Rule of Appellate Procedure 35.3(c) imposes a joint responsibility on the trial and appellate courts "for ensuring that the appellate record is timely filed." *Id.* 35.3(c). "The appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault." *Id.* Section 263.405(h) permits an extension of the time for filing a record "on a showing of good cause." Tex. Fam.Code Ann. § 263.405(h) (Vernon Supp.2007).

Under section 263.405(g), an appellant *ought* to file requests for preparation of the clerk's and reporter's records and deliver a copy of the request for the reporter's record to the court reporter on the same day or at least the next business day after the signing of the order being appealed. Otherwise, there is little likelihood that the required records can be filed within the 10–day period specified by the statute. However, the statute imposes no such deadline for the appellant's requests. Nonetheless, the statute necessarily imposes by implication a 10–day deadline on such requests.

Here, Taylor's request for preparation of the clerk's record was filed on October 22, nineteen days after the order was signed. Because Taylor filed his request within fifteen days after the 10–day deadline, we will imply a motion for extension which must be granted if appellant provides a reasonable explanation for the late filing. *See Hone v. Hanafin,* 104 S.W.3d 884, 886–87 (Tex.2003) (per curiam); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997); *In re B.G.,* 104 S.W.3d 565, 567 (Tex.App.-Waco 2002, order, no pet). Therefore, this appeal will be dismissed unless, within fourteen days after the date of this Order, Taylor or any other party desiring to continue the appeal files with the Clerk of this Court a brief or other response providing a reasonable explanation for the late filing of Taylor's request for preparation of the clerk's record. *See Jones v. City of Houston,* 976 S.W.2d 676, 677 (Tex.1998); *Doe v. Brazoria County Child Protective Servs.,* 226 S.W.3d 563, 571 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *B.G.,* 104 S.W.3d at 567.

## Indigence

■ One of the issues which may arise in an appeal under section 263.405(g) is whether the appellant established a claim of indigence. *See* Tex. Fam.Code Ann. § 263.405(g). Because of the accelerated timetable applicable to an appeal governed by section 263.405 and because this Court has all the information necessary to review the trial court's non-indigence determination, we will address that issue now without briefs from the parties. *Id.* ("The appellate court shall review the records

---

**5.** The Clerk of this Court received the reporter's record on October 16. However, it was mailed on October 11. Thus, the reporter's record was timely under the "mailbox rule." *See* Tex.R.App. P. 9.2(b)(1).

and *may* require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues. The appellate court shall render appropriate orders after reviewing the records and appellate briefs, *if any*.") (emphases added).

To establish indigence for a civil appeal, a party must file an affidavit which complies with Rule 20.1. Tex.R.App. P. 20.1(a)(1).

The affidavit of indigence must identify the party filing the affidavit and must state what amount of costs, if any, the party can pay. The affidavit must also contain complete information about:

(1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

*Id.* 20.1(b).

This affidavit must be filed "with or before the notice of appeal." *Id.* 20.1(c)(1). If indigence is timely contested,[6] the party claiming indigence "must prove the affidavit's allegations." *Id.* 20.1(g). In the trial court, the party must establish by a preponderance of the evidence that he "would be unable to pay costs 'if [he] really wanted to and made a good faith effort to do so.'" *Jackson v. Tex. Bd. of Pardons & Paroles,* 178 S.W.3d 272, 275 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (quoting *Arevalo v. Millan,* 983 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet.)); *Thomas v. Olympus/Nelson Prop. Mgmt.,* 97 S.W.3d 350, 352 (Tex.App.-Houston [14th Dist.] 2003, order, no pet.) (per curiam) (quoting *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex.1996) (orig.proceeding)); *Baughman,* 65 S.W.3d at 315; *White v. Bayless,* 40 S.W.3d 574, 576 (Tex.App.-San Antonio 2001, pet. denied) (per curiam) (quoting *In re Sosa,* 980 S.W.2d 814, 815 (Tex.App.-San Antonio 1998, orig. proceeding)).[7] If the trial court sustains the contest, the appellate court

---

**6.** To be timely, an indigence contest must ordinarily be filed within 10 days after the indigence affidavit is filed. Tex.R.App. P. 20.1(e). However, a party contesting an indigence claim must also keep in mind the deadlines established by section 263.405 for indigence determinations. *See* Tex. Fam.Code Ann. § 263.405(d) (indigence hearing must be held within 30 days after date final order is signed); § 263.405(e) (trial court shall consider person indigent and appoint counsel if written order denying indigence claim is not rendered within 36 days after date final order is signed).

**7.** The internal quotation finds its origin in a 1942 decision of the Commission of Appeals. *See Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942) (quoted by *Allred v. Lowry,* 597 S.W.2d 353, 355 (Tex.1980) (orig.proceeding)) (quoted by *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex.1996) (orig.proceeding))).

must determine whether the trial court abused its discretion. Jackson, 178 S.W.3d at 275; *Thomas,* 97 S.W.3d at 352; *Rodgers,* 83 S.W.3d at 818; *White,* 40 S.W.3d at 576.

Taylor's affidavit includes the information required by Rule 20.1(b). He filed the affidavit contemporaneously with his notice of appeal. The Department timely contested his indigence claim contending the affidavit was untimely and not in proper form. We do not agree with the Department's contentions regarding the timeliness and form of Taylor's affidavit. Nevertheless, because the Department timely contested Taylor's indigence claim, Taylor had to prove his indigence. *See* TEX.R.APP. P. 20.1(g).

In the indigence hearing, Taylor testified that he is a self-employed carpenter making about $400 per week. He is not married and has no dependents. He testified that he had nominal sums (less than $30) on deposit in two bank accounts. He has two vehicles, only one of which currently works. He has monthly bills of approximately $1,500–$1,800 per month.

On cross-examination, Taylor testified that he has worked in the past as an insurance adjuster. He made as much as $900 per day when he worked as an adjuster. However, he explained that this type of position was available only in times of natural disaster and the last time he worked in this capacity was after Hurricane Wilma struck in October 2005. He has not worked as an insurance adjuster since then because there have been no more disasters of that magnitude.

According to Taylor's affidavit, the trial court found him indigent and appointed counsel to represent him at trial. Taylor provided affirmative testimony that his monthly income roughly approximates his monthly expenses and that he is unable to hire an attorney or pay the costs of appeal.

The Department offered no evidence to refute Taylor's testimony that his services as an insurance adjuster are not currently in demand.

Accordingly, we hold that the court abused its discretion by finding that Taylor failed to prove his indigence.

### Representation

We have effectively determined that Taylor established his indigence for purposes of this appeal. However, Taylor's counsel recently filed a nonrepresentation notice, stating that she "was dismissed" by the trial court. *See* TEX.R.APP. P. 6.4. Presumably, counsel was "dismissed" because of the trial court's indigence ruling. Because of this Court's holding regarding Taylor's indigence, Taylor is entitled to appointed counsel on appeal. *See* TEX. R.APP. P. 263.405(e) (Vernon Supp.2007).

The Department may contend that, in light of the trial court's determination that Taylor's appeal is frivolous, counsel should not be appointed to represent Taylor on appeal. However, section 263.405(e) conditions appointment of counsel on only the indigence question. *Id.* In other words, an indigent person has a statutory right to appointed counsel to represent him in an appeal challenging a court's determination under section 263.405(d) that his appeal is frivolous.

Therefore, we will abate this appeal to the trial court for appointment of counsel. *See In re T.V.,* 8 S.W.3d 448, 450 (Tex. App.-Waco 1999, order) (per curiam) ("If Voisinet is indigent, the trial court shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel."), *disp. on merits,* 27 S.W.3d 622 (Tex.App.-Waco 2000, no pet.); *see also* TEX. FAM.CODE ANN. § 263.405(g) ("appellate court shall render appropriate or-

ders after reviewing the records"); *In re K.K.*, 180 S.W.3d 681, 687–88 (Tex.App.-Waco 2005, order, no pet.) (per curiam) (abating for hearing on ineffective-assistance claim and discussing numerous parental-rights termination appeals which have been abated for reasons related to appointed counsel); *Brice v. Denton*, 135 S.W.3d 139, 149 (Tex.App.-Waco 2004, pet. denied) (Gray, C.J., dissenting) (advocating abatement of parental-rights termination appeal for determination of "whether appointed trial counsel continues to represent the client").

### Conclusion

The trial court abused its discretion by finding that Taylor failed to prove his indigence. Because the trial court has dismissed Taylor's appointed counsel, we abate the appeal to the trial court for appointment of counsel. The trial court's order appointing appellate counsel must be filed with the Clerk of this Court in a supplemental clerk's record within fifteen (15) days after the date of this Order.

After the supplemental clerk's record is filed, Taylor or any other party desiring to continue the appeal shall have fourteen (14) days to file a brief or other response providing a reasonable explanation for the late filing of Taylor's request for preparation of the clerk's record. If a reasonable explanation is not provided, the appeal will be dismissed.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting to Order.

New procedures for invoking this Court's jurisdiction are announced in the Court's published order. A new procedure to extend the time to invoke the Court's jurisdiction is announced in the Court's order. A new way to obtain a ruling from the Court when we do not have jurisdiction is announced by the Court's order. I will try to briefly explain each and why the announcements are in error.

I write this dissent in hope that other courts will not blindly follow the Court's announcements or holdings without their own deep and independent analysis of the basis and justification for the holdings. Because the Court's order is designated for publication, I felt compelled to not only issue a warning but to also distance myself from the multiple erroneous holdings of the majority.

### OVERVIEW OF THE AREA

### Ignoring the Legislative Mandate

In response to the final report by the Governor's Committee to Promote Adoption, the legislature addressed the problem of delay in the judicial process as it affected the lives of children, particularly those involved in suits involving the termination of parental rights. *See* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. S.B. 181, 75th Leg., R.S. (1997). *See also In re Bishop*, 8 S.W.3d 412, 416–417 (Tex.App.-Waco 1999, orig. proceeding). In 2001, to further this comprehensive effort, the legislature first attempted to limit the scope of our review on appeal of termination cases by adding Section 263.405 to the Texas Family Code. Acts 2001, 77th Leg., ch. 1090, § 9, eff. Sept. 1, 2001. The purpose of the Act was to address, among other items, post-judgment appellate delays. *See* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 2249, 77th Leg., R.S. (2001). *See also In the Interest of D.R.L.M.*, 84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied.). Within

section 263.405, the legislature included the following:

> Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for new trial.

TEX. FAM.CODE ANN. § 263.405(b) (Added by Acts 2001, 77th Leg., ch. 1090, § 9, eff. Sept. 1, 2001).[1]

Courts were quickly confronted with the argument that they could not address an issue on appeal because it had not been included in a timely filed statement of points. These courts essentially avoided the purpose of the statute by holding that the failure to include the issue in a statement of points did not impede our ability to conduct a review of the issue. *In the Interest of D.R.L.M.*, 84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied). *See Wall v. Tex. Dep't of Family & Protective Servs.*, 173 S.W.3d 178, 182 (Tex.App.-Austin 2005, no pet.); *In the Interest of S.P.*, 168 S.W.3d 197, 200 (Tex.App.-Dallas 2005, no pet.); *In the Interest of K.M.*, No. 07–04–0442–CV, 2004 WL 2826851, 2004 Tex.App. LEXIS 11108 (Tex.App.-Amarillo Dec. 8, 2004, order) (not designated for publication); *In the Interest of T.A.C.W.*, 143 S.W.3d 249, 250 (Tex.App.-San Antonio 2004, no pet.); *In re M.G.D.*, 108 S.W.3d 508, 516 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

The legislature, having watched what the courts had done with a centerpiece of its efforts to expedite the process, responded. The statute was amended to add subsection (i) which provides as follows:

> (i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2007) (added in 2005).

The 2005 statutory amendment has been called "Draconian." *Mikowski v. Dep't of Family & Protective Servs.*, No. 01–07–00011–CV, 2007 WL 3038099, at *2, 2007 Tex.App. LEXIS 8309, *5 (Tex.App.-Houston [1st Dist.] Oct. 18, 2007, no pet. h.) (mem.op.); *In re D.M.*, —— S.W.3d ——, ——, No. 10–06–00407–CV, 2007 WL 2325815, at *5, 2007 Tex.App. LEXIS 6499, *17 (Tex.App.-Waco Aug.15, 2007, no pet.) (Vance, J., dissenting). It is not.

The statute is not easy to fully understand upon an initial reading of it. Further, its implementation can be a challenge to the judicial process, particularly when it must interface with existing laws (constitutions, statutes, rules of civil and appellate procedure, and case law). We should not, however, shrink away from the challenge to enforce the statute. The statute is, by definition, the will of the people. These are the same "people" who have entrusted us with the responsibility to do just that-enforce the statute as written.

I contend that the rules announced by this Court's order fail to enforce the statute as written. The Court lengthens the process and thereby frustrates the purpose of the statute.

### BACKGROUND

This is an attempted appeal of a trial court's judgment which terminated the pa-

---

1. This provision was recently modified. *See* Acts 2007, 8th Leg., ch. 526 § 2, eff. June 16, 2007.

rental rights of Donald Taylor to two children. Because this suit was instituted by the Department of Family and Protective Services, the appeal is governed by section 263.405 of the Texas Family Code. TEX. FAM.CODE ANN. § 263.405(a) (Vernon Supp. 2007).

### THE SCHEDULE

It may assist the reader to understand how tightly the timeline of a termination appeal is constructed. Any litigant, attorney, or trial court must be familiar with this basic timeline. As with almost every timeline, failure to strictly adhere to this timeline can lead to the loss of valuable rights. The following chart does not purport to have every possible event on it but is designed to assist the reader in the comprehension of the general timeline for appeal of a termination of parental rights judgment.

### *Post–Termination Timeline*

| 1 | TJD | Termination Judgment Date - date order of termination is signed |
|---|-----|-----------------------------------------------------------------|
| 2 | TJD+15 | Request/motion for new trial due - § 263.405(b)(1)[2] |
| 3 | TJD+15 | Statement of Points due - § 263.405(b)(2) |
| 4 | TJD+20 | Notice of Appeal due – TEX. R. APP. P. 26.1(b) |
| 5 | TJD+20 | Affidavit of Indigence due – TEX. R. APP. P. 20.1(c)(1) ("AD")[3] |
| 6 | AD+10 | Contest to affidavit of indigence, if necessary, due – TEX. R. APP. P. 20.1(e) |

**2.** On June 16, 2007, the legislature's most recent amendments to this section became effective. One of the more significant changes is that the motion for new trial must now be filed within 15 days of the Termination Judgment Date. While the legislature used the term "request" for a new trial rather than a "motion for new trial," I do not perceive any distinction unless it could possibly be that the legislature wanted to leave nothing to chance and used the broad term "request" so that it would include every type of document which could in any way be construed as seeking a new trial. I believe the better understanding is that the purpose of the provision was to remove the question of whether statements of points that were late because they were not filed by the 15 day deadline could be considered timely because they were in a timely filed motion for new trial. Thus, to resolve the issue, the legislature made the deadline the same for filing the statement of points and for filing the motion for new trial. Furthermore, because a factual sufficiency issue can only be preserved by a motion for new trial, any statement of point contending that the evidence is factually insufficient would be patently frivolous, because it was not preserved, if it was not also included in a motion for new trial. Thus, it appears consistent with the purpose of the statute to require the motion for new trial to be filed within 15 days of the Termination Judgment Date.

**3.** Due to the structure of the timeline, I have some doubt as to whether the legislature intends to require the application of the procedure under Rule 20. TEX.R.APP. P. 20.1. Not only is the timeline difficult to accommodate in this process, the 30 day hearing contemplates the issue is joined and the burden is on the appellant at the 30 day hearing to establish indigency which is required to be held before the last date by which the contest would have to be filed pursuant to the rule. It is thus entirely probable that a contest would not be filed and a hearing scheduled, noticed, and held within the 30 day deadline.

| 7 | TJD+30 | Hearing (30 day hearing) to decide: <br> a) whether to grant a motion for new trial; <br> b) whether the appealing party is indigent; and <br> c) whether the appeal is frivolous - § 263.405(d) |
|---|---|---|
| 8 | TJD+36 | Absent written ruling from 30 day hearing, indigence is presumed and counsel shall be appointed - § 263.405(e) |
| 9 | 30 Day Hearing date+10 | Reporter's record and clerk's record from the 30 day hearing must be filed in the appellate court - § 263.405(g) |
| 10 | TJD+60 | Appellate record must be filed, unless after the 30 day hearing: <br> a) a new trial was granted; or <br> b) the trial court denied a free record (not indigent) - § 263.405(f) |

## A New Way to Invoke Jurisdiction

The legislature may be as surprised as I was to learn they created a whole new way for litigants to invoke our jurisdiction in state-initiated termination of parental rights cases to review the indigence and frivolous determinations.

The majority has determined the legislature defined the manner in which our jurisdiction is invoked to review the indigence and frivolous determinations, section 263.405(d)(2) and (3), made by the trial court. The manner defined, as interpreted by the majority, is by filing the record from the 30 day hearing with the appellate court. This is the part of the timeline which must be done within 10 days of the date of the order denying indigent status and finding the appeal frivolous. (*See* items 7 and 9 in the timeline.) Thus, according to the majority, the failure to timely file the record from the 30 day hearing fails to invoke our jurisdiction to review the order denying indigent status and finding the appeal frivolous. Further, according to the majority, a notice of appeal of the order denying indigent status and finding the appeal frivolous will not get the job done (to invoke our jurisdiction).

This new method of invoking our jurisdiction, a statutory method, by filing the record within 10 days of the order, temporarily extends the majority's ability to proceed in the face of not having a notice of appeal. But this temporary extension runs headlong into a new problem in this case—the 30 day hearing record was not timely filed and there was nothing actually done to extend the time in which to file it.

The reason this new method for invoking our jurisdiction may surprise the legislature is they started § 263.405 with the following provision:

(a) An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section. The appellate court shall render its final order or judgment with the least possible delay.

Tex. Fam.Code Ann. § 263.405(a) (Vernon Supp.2007).

The rules of appellate procedure provide:

**25.1. Civil Cases**

(a) *Notice of Appeal.* An appeal is perfected when a written notice of appeal is filed with the trial court clerk. . . .

(b) *Jurisdiction of Appellate Court.* The filing of a notice of appeal by any party invokes the appellate court's juris-

diction over all parties to the trial court's judgment or order appealed from.

Tex.R.App. P. 25.1(a) and (b).

According to the majority, the 30 day hearing record must be filed to invoke the Court's jurisdiction to review questions of whether the determination regarding indigence and the determination that the appeal of the points on appeal is frivolous. I believe the legislature was, however, defining the scope of what we review on appeal of these narrow issues, rather than defining how our jurisdiction to review the trial court's order is invoked. I therefore do not agree with the majority's announcement of how to invoke our jurisdiction to conduct this review.

### New Procedure to Extend Statutory Time Period

But according to the majority, the Court's jurisdiction to review the order is invoked, according to the statute, by the filing of the record of the 30 day hearing. The complete record was not, however, filed by the 10 day deadline in this appeal. The majority holds that the reporter's record from the 30 day hearing was timely filed under the appellate mailbox rule but recognizes that the clerk's record for the 30 day hearing was not received timely and that no extension of time to file the clerk's record was filed. Thus, to have jurisdiction under their theory, they must find something to extend the time to file the clerk's record.

But if the statute specifies the manner of invoking the Court's jurisdiction, the Court should then first look to the statute for the manner in which to modify the manner in which the Court acquires jurisdiction. Instead, however, the majority first looks to the Texas Rules of Appellate Procedure and the case law interpreting those rules to find a way to extend the time in which to file the record.

No motion to extend the time in which to file the record was ever filed. Rather, what was filed that the majority relies upon, and even according to the majority was filed late, was a designation of what to include in the record—not the record and not a motion to extend the time in which to file the record. The majority does not address the analytical leap of how the late designation is a substitute for the record. They just do it. Accept it.

The majority tries to shore up the late filing of the record with an implied motion for extension of time to file the record. They use the *Verburgt* case, which holds that a late filed notice of appeal, but filed within the 15 day period to file a motion for extension of time to file the notice of appeal late, necessarily implies a motion for extension of time in which to file the notice of appeal. *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997).

A couple of observations are appropriate. The implied motion for late filing in *Verburgt* is implied by the filing of the "thing" that is late—the notice of appeal. To even use the *Verburgt* concept by analogy, it would be the late filing of the record that would imply a motion for extension of time in which to file the record. I could see how the late filing of the designation of items to be included in the record could imply a motion for extension of time to file the *designation* late. But because the content of the record is described by the statute and specified by the rules of appellate procedure, *see* Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2007); Tex.R.App. P. 34.5(a) and 34.6(a), I question whether the designation of items to be included could imply a motion to extend the time in which to file the *record* late.

I contend that if our jurisdiction is invoked by the filing of the record pursuant to the statute, and not by a notice of appeal, the implied extension concept for a late filed notice of appeal and the implied motion for late filing are not applicable because they both arise from an interpretation of the rules of appellate procedure regarding the late filing of the notice of appeal. But there is a proper way to have the late filing of the record approved. The majority even refers to the statutory provision for late filing of the record but fails to use it to actually extend the time in which to file the record. Although I actually think the statute is for the late filing of the record on the merits, not the record from the 30 day hearing, I will mention how it should be used in their procedure because the majority references it.

The referenced statute provides that we are not to extend the time for filing of the record "except on a showing of good cause." TEX. FAM.CODE ANN. § 263.405(h) (Vernon Supp.2007). Thus, the standard for us to extend the time to file the record is "good cause." The case/Texas-Rules-of-Appellate-Procedure standard for late filing of a notice of appeal is only to "reasonably explain the need for the extension." The majority has used the lower standard of a "reasonable explanation" and thus lowered the standard for allowing the late filing of the record, which according to the majority, is the legislatively mandated procedure for invoking our jurisdiction. If the legislature specified the filing of the record as the method to invoke our jurisdiction, surely the legislature can also specify the standard for granting an extension of time in which to file that record. Thus, I also disagree with the announcement of the procedure to extend the time in which to file the record.

## A DECISION WITHOUT JURISDICTION

Remember that through this statute, the rules of appellate procedure for filing a motion for extension of time, and case law related to implied motions to extend the time in which to file a notice of appeal (and a couple of analytical jumps), the majority has cobbled together a way that we can possibly have jurisdiction. But, according to the majority, we need just one more thing before we actually have jurisdiction—and that is, under the lowered standard, a reasonable explanation for the late filing of the request for items to be included in the record. Maj. Op. pgs. 455–56. But the majority, after making the announcements of a new way to invoke our jurisdiction and a new way of how to extend the time in which to do that, then proceeds to a review of the merits of the indigency determination.

Whoa.

If it is the filing of the record that gives us jurisdiction to review the determinations and we do not yet have the explanation necessary to explain the failure to timely file the record necessary to give us jurisdiction, then how do we have jurisdiction to review, determine, and hold that the indigency determination was erroneous?

We don't.

The majority has simply forged ahead to review the merits of the trial court's determination that Taylor failed to prove he is indigent, notwithstanding their own holding that we are without jurisdiction to do so. I would not.

## MERITS OF INDIGENCE DETERMINATION

This brings us to the merits of the issue of whether Taylor met his burden of proving he is indigent which I comment upon only because the majority has gone beyond our jurisdiction and purported to decide the issue. The majority makes a number

of missteps in its indigence review. Since we have no jurisdiction to decide this issue, and rather than belabor the points, I will simply list the primary missteps:

1. Failure to consider that the testimony of Taylor that he spends as much as he makes includes gas expense of $600 per month, which is testimony the trial court could have determined was not credible.[4]

2. Reliance on the contents of the indigence affidavit which was not introduced as evidence at the hearing.

3. Failure to consider that one of the vehicles Taylor owns is worth $8,000, had no debt owed on it, and he owned another vehicle that could be used for work if it was repaired and that the trial court could have considered this a resource to pay for some expense if Taylor truly wanted to do so.

4. We do not have all the record upon which the indigence determination was based.

Given the foregoing, and that there was no testimony of what the record would cost, nor what reasonable and necessary attorney fees would be, and that Taylor's position was that he could pay for no part of the record or attorney fees, I do not believe the trial court abused its discretion in determining Taylor failed to meet his burden of proof. It seems obvious that at the very least, he could have paid for some part or portion of the record.

**AN OBSERVATION**

If, in this particular case, the Court ever properly gets to a review of the merits of the issues decided at the 30 day hearing, there is actually a legitimate reason to require the preparation of a reporter's record of the trial on the merits held on August 2, 8, and 16, as well as the 30 day hearing which has already been filed. Upon the Department of Family and Protective Services' request, the trial court, deciding the questions of (1) whether Taylor had proven he was indigent; and (2) whether Taylor's appeal was frivolous, was repeatedly requested to take judicial notice of the evidence of the trial on the merits held on those dates. The trial court eventually took judicial notice as requested. The trial court references this in its order. ("After considering the evidence presented both *at trial* and during this hearing as well as the argument of counsel,...." CR pg. 57, Order of October 10, 2007) (emphasis added). Thus, the only way we can review the trial court's decision is to have before us the same information the trial court did, including the information of which the trial court took judicial notice. The only way for us to do that is to have the reporter's record of the trial proceedings of which the trial court took judicial notice.

Notwithstanding that we need the reporter's record from the trial on the merits in this proceeding, I believe the method of presenting evidence at the 30 day hearing had the collateral effect of negating much of what the statute was intended to accomplish. I note that the procedure used by

---

**4.** Actually, Mr. Taylor's testimony on his expenses was not only far from clear and unequivocal, it seemed to be more conjecture and speculation:
Q: Okay. Which would—break them [your expenses] down.
A: Rent, like *maybe* 400; gas for the vehicle, *maybe* around 600; water, *about* 60; lights, *about* 150; insurance, *about* 120. Let me see. I'm not legally obligated to pay my sister any child support, but I still give her money. So I *guess* that's another bill. And just personal items, like *maybe* $100 a month. (Emphasis added)

the parties in *In re A.S.*, 239 S.W.3d 390, No. 09–07–236–CV, 2007 WL 2962929, 2007 Tex.App. LEXIS 8135 (Tex.App.-Beaumont Oct.11, 2007, no pet. h.) seems to be what was contemplated by the legislature. By this process, summaries or descriptions of the trial testimony are introduced at the 30 day hearing and are the basis upon which we then conduct our review of the indigence and frivolous determinations. If the summaries presented by the parties reflect disagreement over some critical aspect of the trial pertinent to the frivolousness determination, the appeal is probably not frivolous. *See also In the Interest of R.M.G.*, No. 04–06–00319–CV, 2006 WL 3085757, at *1, 2006 Tex. App. LEXIS 11293, *3 (Tex.App.-San Antonio Nov.1, 2006, no pet.) (released for publication April 30, 2007) (Appellant "wholly failed to 'summarize for the trial court the evidence that was missing or insufficient to sustain the findings' at the hearing on the motion for new trial and statement of appellate points."). And because the trial court took judicial notice of the evidence from the trial, and because there is no way for us to know there was not some evidence in the trial regarding

Taylor's employment, earnings, and expenses, we should have the reporter's record from the trial for our review of the trial court's October 10, 2007 order—but it is not before us at this time.

## CONCLUSION

This entire process, not just this particular proceeding, needs some focus by the parties and some clarity provided by the courts. In this particular proceeding, I would, at the most, do what we have done in a similar situation when we determined that an indigency determination was a separately appealable order. *See Nelson v. State*, 6 S.W.3d 722, 726 (Tex.App.-Waco 1999, order). In that situation we held that a separate notice of appeal is required. *Id.* But, because of the confusion of whether the earlier filed notice of appeal on the merits of the issues for review of the order of termination satisfied the requirement to invoke our jurisdiction to review the order from the 30 day hearing, I would make the requirement to file a separate notice of appeal prospective—applying only to 30 day hearing orders decided after our order is published. *See id.*[5]

---

**5.** I have run out of time to work on this dissent. The majority issued their order Wednesday, November 28, 2007. This proceeding is not like the proceedings in which I have had to issue a special note because I had not conducted enough of my research to know if I agreed or disagreed with the ruling. *See Texas A & M University v. Bading*, 236 S.W.3d 801 (Tex.App.-Waco, 2007, Supplement to Special Note (in response to opinion on rehearing) by Chief Justice Gray); *Id.* (Special Note by Chief Justice Gray issued Aug. 16, 2007) (listing special notes prepared as of August 16, 2007); *see also Tex. Parks & Wildlife Dep't v. E.E. Lowrey Realty, Ltd.*, No. 10–02–00317–CV, 2004 WL 1632760, 2004 Tex. App. LEXIS 6585 (Tex.App.-Waco July 21, 2004), *opinion withdrawn by* 2004 WL 2481000 (no *separate* LEXIS citation for order) (Tex.App.-Waco Nov. 3, 2004, order) (Gray, C.J., dissenting to order withdrawing opinion) (not designated for publication), *pri-*

*or opinion substituted with* 155 S.W.3d 456 (Tex. App.–Waco 2004) (LEXIS citation "2004 Tex.App. LEXIS 9824" includes unpublished order of withdrawal, concurring opinion to order, and dissent to order. Dissent to order located at *15–17), *rev'd by* 235 S.W.3d 692(Tex., 2007) (publish).

In this proceeding, I had conducted enough research to know that I dissented to the order. As I have continued to work on it and conduct more research, I have concluded, however, that I am no longer as confident as I was during my early research that the statute contemplated the need for a separate invocation of our jurisdiction, but rather a singular process from the termination judgment to an appellate mandate that may necessarily include a preliminary review of some issues under § 263.405(g). A close review of the timeline shows it is difficult, if not impossible, to have a separate notice of appeal for the

I would thus proceed to order up the record we need to conduct our review of the trial court's determinations of having failed to prove indigence and finding the appeal frivolous; and I would then conduct that review without briefs, as authorized by the statute to expedite the review and determination of these narrow issues. *See* TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2007).

For these reasons, I respectfully dissent from the Court's order.

indigence determination in these proceedings. It appears the legislature presumed that the single notice of appeal, which will normally be filed before the 30 day hearing, would be all the notice necessary to the other parties, trial court, clerk, and reporter that the parent intends to appeal all issues necessary to secure a reversal of the termination judgment. Thus, it would also be clear that if the result of the 30 day hearing is unfavorable to the appealing parent, the appealing parent will first be challenging the 30 day hearing order. In some regards, the appeal is thus bifurcated-wherein the first portion must run its course before we can proceed to the second portion. While this would mean that no separate notice of appeal is necessary to appeal

the 30 day hearing order, it would also mean that the filing of the record is not what is necessary to invoke our jurisdiction to review that order. But due to the time constraints, all I can conclude today is that I do not agree with the majority's order and acknowledge that it may be that nothing other than a timely notice of appeal from the termination judgment is necessary to invoke our jurisdiction to review the collateral order of the trial court from the 30 day hearing. The parent asserting indigence after the termination judgment not only must timely file a notice of appeal, the parent must also timely take some action to advise the trial court that they are indigent and seek the assistance of appointed counsel and a free record.