Opinion issued June 12, 2008












     

In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00560-CV
          01-07-00561-CV
         01-07-00706-CV




DERRICK LUMPKIN, SR. AND GENEVA HERRERA, Appellants

v.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause Nos. 2005–09691J, 2002–54609, 2005–71454




O P I N I O N

          In these three appeals, appellants, Derrick Lumpkin, Sr. and Geneva Herrera,
appeal the termination of their parental rights to their four minor children, D.I.L.,
D.L., L.A.U.L., and F.D.L.; Herrera also appeals the termination of her parental rights
to another child, T.H.


 Because we hold that the trial court did not abuse its
discretion by determining that the appeals are “frivolous,” we affirm the judgments
of the trial court.
Relevant Procedural History
          After a jury trial, the trial court rendered judgment in conformity with the 
jury’s findings, which supported the termination of Lumpkin’s and Herrera’s parental
rights. Post-judgment, Lumpkin and Herrera filed motions for new trial, notices of
appeal, affidavits of indigency, and statements of points on appeal. The trial court
conducted a hearing at which it denied the motions for new trial and determined, for
purposes of appeal, that Herrera was indigent but that Lumpkin was not indigent.


 
          As required by Family Code section 263.405(d), the trial court also found,
based on appellants’ statement of points, that the appeals were “frivolous” under the
standards enunciated in Civil Practices and Remedies Code section 13.003. See Tex.
Fam. Code Ann. § 263.405(d)(3) (Vernon Supp. 2007) (requiring trial court to hold
hearing to determine whether appeal is frivolous as provided by section 13.003(b) of
Civil Practices and Remedies Code). The trial court’s ruling that the appeals are
“frivolous” is the issue that we now address.
Review of Frivolousness Findings 
          If a trial court makes a frivolousness finding, the aggrieved parent can appeal,
but the appeal is initially limited to the frivolousness issue.


 See Tex. Fam. Code
Ann. § 263.405(g); In re K.D., 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006,
no pet.) (“[O]nce the trial court determines that an appeal is frivolous, the scope of
appellate review is statutorily limited to a review of the trial court’s frivolousness
finding.”). That is, before we can reach the substantive merits of an appeal in which
a frivolousness finding has been made, we must first determine whether the trial court
properly found the appeal to be frivolous. See In re S.T., 239 S.W.3d 452, 454 (Tex.
App.—Waco 2007, order).
          We review a trial court’s frivolous finding under an abuse of discretion
standard. In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no
pet.); K.D., 202 S.W.3d at 866. Applying that standard, we decide whether the trial
court acted without reference to any guiding rules or principles; in other words, we
must decide whether the act was arbitrary or unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). 
          Family Code section 263.405(d)(3) directs the trial court to determine whether
an appeal from a termination order is frivolous “as provided by section 13.003(b),
Civil Practices and Remedies Code.” Tex. Fam. Code Ann. § 263.405(d)(3) (Vernon
Supp. 2007). Section 13.003(b) provides that, “[i]n determining whether an appeal
is frivolous, a judge may consider whether the appellant has presented a substantial
question for appellate review.” Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b). 
For analysis purposes, an appeal is frivolous when it lacks an arguable basis either in
law or in fact. See K.D., 202 S.W.3d at 866 (citing De La Vega v. Taco Cabana, Inc.,
974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.)).
          An appeal of a termination order is limited to the issues presented in the
statement of points.


 See Tex. Fam. Code Ann. § 263.405(i); see Pool v. Texas
Dep’t of Family & Protective Servs., 227 S.W.3d 212, 215 (Tex. App.—Houston [1st
Dist.] 2007, no pet.). It follows that, if a trial court determines that an appeal is
frivolous, the court has necessarily determined that each of the issues identified in the
statement of points is frivolous; that is, that they lack a substantial basis in law or
fact. See In re S.T., No. 10-07-00306-CV, 2008 WL 2210071, at *8 (Tex.
App.—Waco May 28, 2008, no pet. h.).
          Here, Lumpkin and Herrera identified three appellate issues in their statements
of points. In their first two issues, Lumpkin and Herrera generally averred that the
evidence supporting the terminations was legally insufficient. Pursuant to section
263.405(i), “a claim [in a statement of points] that a judicial decision is contrary to
the evidence or that the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal.” Tex. Fam. Code Ann. § 263.405(i); see In
re J.W.H., 222 S.W.3d 661, 662 (Tex. App.—Waco 2007, no pet.) (discussing
specificity requirement). Thus, the trial court correctly found that the first two issues
were “frivolous.” 
          In their third issue, Lumpkin and Herrera raised a specific legal and factual
sufficiency challenge to the evidence supporting the termination of Lumpkin’s and
Herrera’s parental rights. With respect to the statutory bases of the terminations, the
trial court’s judgments reflect that the jury found, by clear and convincing evidence,
that (1) Lumpkin and Herrera had knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endanger the physical or
emotional well-being of the children and (2) that Lumpkin and Herrera had engaged
in conduct or knowingly placed the children with persons who engaged in conduct
which endangered the physical or emotional well-being of the child. See Tex. Fam.
Code Ann. § 161.001(1)(D),(E) (Vernon Supp. 2007).
          The question that we answer, considering the heightened clear and convincing
burden of proof in termination cases, is whether the trial court abused its discretion
by determining that the evidence is such that a factfinder could have reasonably
formed a firm belief or conviction that its findings were true. See In re K.D., 202
S.W.3d 860, 868 (Tex. App.—Fort Worth 2006, no pet.). With this standard in mind,
we turn to Lumpkin’s and Herrera’s specific contentions and to the evidence
presented.
          In support of their third issue, Lumpkin and Herrera asserted that the evidence
was legally and factually insufficient to support termination because the Department
of Family and Protective Services (“DFPS”) investigative caseworker testified that
there was no evidence of actual abuse or neglect of the children; rather, she testified
that there was only a risk of abuse or of neglect at the time the children were removed
from the family’s home. 
          A review of the record shows the investigative caseworker testified that, after
DFPS received a referral regarding the children, she visited appellants’ home. She
found the home to be dirty and partially without electricity, the refrigerator not
working properly, and the home without gas. Lumpkin also tested positive for, and
admitted to, marijuana usage. The caseworker also noted that the family had a history
of referrals. The caseworker testified that, although the children did not appear to be
neglected or abused, she believed, given the circumstances, the children were at risk
for abuse and neglect, which precipitated their removal. In the trial court, appellants
argued that, without evidence of actual abuse or neglect, evidence of a risk of abuse
is not sufficient to support an endangerment finding. 
          The Supreme Court of Texas has made clear that, although “endanger” means
“more than a threat of metaphysical injury or the possible ill effects of a
less-than-ideal family environment, it is not necessary that the conduct be directed at
the child or that the child actually suffers injury.” See Tex. Dep’t of Human Servs.
v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987) (emphasis added). Conduct that subjects
a child to a life of uncertainty and instability also endangers the child’s physical and
emotional well-being. In re E.L.R., No. 2-05-329-CV, 2007 WL 1018662, at *3 (Tex.
App.—Fort Worth Apr. 5, 2007, no pet.) (mem. op.) (citing In re S.D., 980 S.W.2d
758, 763 (Tex. App.—San Antonio 1998, pet. denied)). For example, a parent’s
criminal history and illegal drug usage have been held to be a sufficient basis to
establish environmental endangerment and course of conduct endangerment. See,
e.g., In re K.W., No. 02-06-461-CV, 2008 WL 553705 at *7 (Tex. App.—Fort Worth
Feb. 28, 2008, no pet.) (mem. op.); In re T.J., No. 02-05-353-CV, 2006 WL 820518,
at *6 (Tex. App.—Fort Worth Mar. 30, 2006, no pet.) (mem. op.). We note that
endangerment can be exhibited by both actions and failures to act. In re U.P., 105
S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). 
          Here, in addition to the caseworker’s testimony regarding the condition of the
family’s home and Lumpkin’s admitted illegal drug usage, evidence was also
presented that (1) Herrera had three felony convictions for cocaine possession; (2)
Herrera, on at least one occasion, had threatened suicide while intoxicated, (3)
Herrera allowed the children to play outside unsupervised while she slept, (4) family
members found that appellants had, at times, insufficient food to feed the children;
(5) family members would find the children wearing dirty clothes when they visited
appellants’ home; (6) appellants frequently asked family members to care for the
children for extended periods of time; and (7) appellants demonstrated an inability
to maintain stable housing or employment. 
          Given the evidence, the trial court could have properly determined that
Lumpkin’s and Herrera’s legal and factual sufficiency issues lacked a substantial
basis in law or in fact. More specifically, the trial court could have properly
concluded that the evidence is such that the jury could have reasonably formed a firm
belief or conviction that its findings were true. Thus, we hold that the trial court did
not abuse its discretion when it found Lumpkin’s and Herrera’s legal and factual
sufficiency issues, and hence the appeals, to be frivolous.
Conclusion
          We affirm the judgments of the trial.
 
 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.