

IN THE
TENTH COURT OF APPEALS

No. 10-11-00132-CV

IN THE INTEREST OF A.F., A CHILD

From the 278th District Court
Madison County, Texas
Trial Court No. 09-11883-09

MEMORANDUM OPINION

The trial court held a bench trial in this termination proceeding on September 4, 2009. Based on the motion for new trial, the trial court rendered judgment in some manner on November 6, 2009 but the order terminating the parental rights between both of the parents, J.R. and J.F., and the child, A.F., was not signed until December 4, 2009. The parents' notices of appeal and statements of points were filed on December 18, 2009. The notices of appeal were not copied to this Court as required by Rule 25.1(e) of the Texas Rules of Appellate Procedure. Thus, copies of the notices of appeal were not received by this Court until the clerk's record was received. *Cf* TEX. R. APP. P. 25.2(e) (In criminal cases, the trial court "clerk must then immediately send one copy of each [the notice of appeal and certification of right of appeal] to the clerk of the

appropriate court of appeals and, if the defendant is the appellant, one copy of each to the State's attorney." (insertion added)).

The clerk's record was certified on April 8, 2010. But it was not received by this Court until April 12, 2011 and filed on April 21, 2011. The receipt of the clerk's record with the notices of appeal was the first indication that this Court was aware that an appeal of the termination order had been brought.

The lengthy delay has not been explained or accounted for in any manner. There is no indication the reporter's record has been requested. In the documents we have received, in essence only the clerk's record, there is no indication that the clerk's record or the reporter's record were timely filed, nor even timely requested as required to invoke this Court's jurisdiction of the appeal of the determination that the points raised by the parents in their statements of points are frivolous. *In the Interest of S.T.*, 239 S.W.3d 452, 455 (Tex. App.—Waco 2007, order).

The Clerk of this Court warned the parents by letter dated April 27, 2011 that this proceeding would be dismissed for want of jurisdiction unless any party desiring to pursue the appeal files a response demonstrating the Court's jurisdiction within 14 days from the date of the letter. TEX. R. APP. P. 42.3(a), 44.3. The Clerk also warned the parents that, notwithstanding demonstration of this Court's jurisdiction, this Court would dismiss this appeal for want of prosecution unless the party or parties desiring to continue the appeal demonstrate good cause for the lengthy delay in prosecution of the appeal within 14 days from the date of the letter. TEX. R. APP. P. 42.3(b), 44.3.

Finally, the Clerk warned that failure to file a response as requested would result in the dismissal of this appeal without further notification for failure to comply with the order or a notice from the Clerk. TEX. R. APP. P. 42.3(c). We have received no response from either of the parents.

Accordingly, this appeal is dismissed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2010). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed May 25, 2011
[CV06]