

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00375-CV

## IN THE INTEREST OF
## M.N.R., M.E.R., M.R., & A.R., MINOR CHILDREN,

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. D200900076**

## MEMORANDUM OPINION

Appellant, Uvaldo Cortinas Ramirez a/k/a Ubaldo Cortinas Ramirez, through his court-appointed attorney and with the aid of a court-appointed interpreter, participated in voir dire and selected a jury to determine whether his parental rights should be terminated. After the jury was selected and during the trial, appellant, in open court, executed an irrevocable affidavit of voluntary relinquishment of his parental rights to the Texas Department of Family and Protective Services, again with the assistance of his attorney and the interpreter. After signing the relinquishment affidavit, the jury was dismissed and the trial court terminated appellant's parental

rights to M.N.R., M.E.R., M.R., and A.R. It is from the trial court's termination order and subsequent frivolousness finding that appellant now appeals. We affirm.

## I. BACKGROUND

After the trial court entered its termination order, appellant filed a motion for new trial, a notice of accelerated appeal, and a statement of points on appeal, in accordance with section 263.405 of the family code. *See* TEX. FAM. CODE ANN. § 263.405 (West 2008). The trial court conducted a hearing on appellant's motion for new trial. At the hearing, appellant's attorney expressed that appellant had "changed his mind" about signing the irrevocable relinquishment of his parental rights to the children and that he wanted a new trial, though he did not offer any evidence at this hearing in support of his motion. Furthermore, appellant did not contend that his execution of the relinquishment affidavit was involuntary. At the conclusion of the hearing, the trial court denied appellant's motion for new trial and concluded that appellant's appeal would be frivolous.

Nevertheless, in his statement of points, appellant argued that: (1) subsection 161.103(e) of the family code is unconstitutional because it denies parents an opportunity to reconsider their decision to relinquish parental rights; and (2) section 263.401 of the family code is unconstitutional because it arbitrarily requires a trial within eighteen months. However, on appeal, appellant's initial brief lacked any legal argument on the constitutionality of these statutes. Instead, he argued that section 263.405(g) was unconstitutional, though this argument was not contained in his statement of points. *See* TEX. FAM. CODE ANN. § 263.405(i) (West 2008) (providing that

an appellate court may not consider arguments that were not made in appellant's statement of points); *In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010). On May 4, 2011, we issued an order requesting that appellant brief his issues regarding subsection 161.103(e) and section 263.401. In response to our May 4, 2011 order, appellant filed a supplemental brief, wherein he argued that subsection 161.103(e) and section 263.401 are unconstitutional. Based on the arguments contained in his supplemental brief, we analyze the trial court's frivolousness finding.

## II.   APPLICABLE LAW

If a trial court makes a frivolousness finding, the aggrieved parent can appeal; however, the appeal is initially limited to the frivolousness issue. *See* TEX. FAM. CODE ANN. § 263.405(g); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.) ("[O]nce the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding."). Thus, before we can reach the substantive merits of an appeal in which a frivolousness finding has been made, we must first determine whether the trial court properly found the appeal to be frivolous. *See Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *In re S.T.*, 239 S.W.3d 452, 454 (Tex. App.—Waco 2007, pet. denied)).

We review a trial court's frivolous finding under an abuse of discretion. *Id.* In applying that standard, we must decide whether the trial court acted without reference to any guiding rules or principles or, in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Section 263.405(d)(3) of the family code directs the trial court to determine whether an appeal from a termination order is frivolous "as provided by section 13.003(b), Civil Practices and Remedies Code."  TEX. FAM. CODE ANN. § 263.405(d)(3) (West 2008); *see Lumpkin*, 260 S.W.3d at 527.  "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review."  TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002); *see Lumpkin*, 260 S.W.3d at 527.  An appeal is frivolous when it lacks an arguable basis either in law or in fact.  *In re K.D.*, 202 S.W.3d at 866.

### III.  DISCUSSION

As stated earlier, appellant asserts on appeal that subsection 161.103(e) and section 263.401 are unconstitutional.  With respect to his section 263.401 argument, appellant recognizes that the Houston First Court of Appeals has already concluded that section 263.401 is constitutional.[1]  *See Tex. Dep't of Family & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 161 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  However, in attempting to undermine the *Dickensheets* decision, appellant references the Texas Speedy Trial Act and the court of criminal appeals' decision in *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987) and asserts that section 263.401 is violative of the separation of powers doctrine because the legislature enacted a law dictating a

---

[1] In challenging the constitutionality of section 263.401, appellant hopes to suspend the time frame outlined so that his pending criminal case can be resolved before he makes a final decision regarding his children.  As stated herein, appellant voluntarily signed the relinquishment affidavit, and perhaps more importantly, the State has a legitimate purpose to seek security and stability for the children, rather than subject them to appellant's ever-changing desires.  *See Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 393-94 (Tex. 1982) ("Once that child has been surrendered . . . the safety, education, care[,] and protection of the child, not the contentment or welfare of the parent, is of utmost importance.").

particular judicial action. The *Dickensheets* court rejected arguments that are virtually identical to those made by appellant. *Dickensheets*, 274 S.W.3d at 155-61. In fact, the *Dickensheets* court addressed the Texas Speedy Trial Act and the *Meshell* decision and concluded that section 263.401 is distinguishable from the Texas Speedy Trial Act, which was held to be an impermissible encroachment upon prosecutorial discretion, in violation of the Texas and United States Constitutions' separation of powers provisions. *Id.* at 155-61; *see Meshell*, 739 S.W.2d at 256-57. In addition, appellant has failed to point to any evidence demonstrating that the deadlines set forth in section 263.401 somehow contributed to his decision to sign the affidavit of relinquishment of parental rights to his children. Because appellant's constitutional argument has already been rejected by one of our sister courts and because appellant has not directed us to evidence demonstrating that, because of section 263.401's deadlines, he signed the relinquishment affidavit involuntarily, we conclude that appellant's argument pertaining to section 263.401 lacks an arguable basis in law and in fact. As such, we cannot say that the trial court abused its discretion in rejecting this argument as frivolous. *See In re K.D.*, 202 S.W.3d at 866.

In considering the argument that subsection 161.103(e) is unconstitutional, it is important to note that "a party who requests relief cannot complain on appeal if that relief is granted." *In re J.L.C.*, 194 S.W.3d 667, 673 (Tex. App.—Fort Worth 2006, no pet.). Here, appellant voluntarily requested the relinquishment of his parental rights, and at no point has he challenged the voluntariness of the relinquishment or that the relinquishment was the result of overreaching, fraud, or duress. *See In re R.B.*, 225

S.W.3d 798, 803-04 (Tex. App.—Fort Worth 2007, no pet.) (holding that the fact appellants were under considerable pressure to make a decision and faced potential criminal charges or the removal of their unaffected children did not mean affidavits of relinquishment were the result of duress or other wrongdoing); *see also Rodriguez v. Tex. Dep't of Family & Protective Servs.*, No. 03-09-00450-CV, 2010 Tex. App. LEXIS 3233, at **4-5 (Tex. App.—Austin Apr. 28, 2010, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion in determining that a parent's appeal was frivolous when the record did not contain any "evidence that the [relinquishment] affidavit was procured by improper means or that it was involuntary"); *In re J.T.*, No. 04-08-00068-CV, 2009 Tex. App. LEXIS 4087, at **9-11 (Tex. App.—San Antonio June 10, 2009, pet. denied) (mem. op.) (holding that the trial court did not abuse its discretion in determining that an appeal was frivolous when both parents voluntarily signed relinquishment affidavits, though they allegedly endured "intense emotions and pressure"). By allowing appellant to change his mind after voluntarily relinquishing his parental rights, the stability of the children's placement would be undermined, which cannot possibly be in the children's best interest. *See In re McAda*, 780 S.W.2d at 310; *see also Brown*, 627 S.W.2d at 393.

Furthermore, in arguing that subsection 161.103(e) is unconstitutional, appellant does not cite to any authority to support his contention. He merely makes an argument based upon "buyer's remorse." Appellant asserts that because one is often allowed a "cooling off period" to permit reflection on the purchase of a refrigerator, he should have been provided an opportunity to reconsider the relinquishment of his parental

rights. This comparison is unsupported by the law. *See In re McAda*, 780 S.W.2d 307, 310 (Tex. App.—Amarillo 1989, writ denied) (noting that "[e]ven constitutional rights of the highest order subject to the most jealous protection of the courts may be waived" and holding that "in the absence of state grounds of fraud, misrepresentation, overreaching, or the like, there is no basis upon which to invalidate the affidavit or its waiver of revocability"). Clearly, the State has a legitimate interest in ensuring the security and stability for children placed in this position. *See id.* ("'When a parent voluntarily terminates this parent-child bond, the best interests of the child become paramount' . . . Due process does not require the child's rights be sacrificed to preserve rights which the parent has waived.") (quoting *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 393 (Tex. 1982)).

The State simply has no similar legitimate interest regarding the security and stability of the placement of kitchen appliances. What might be legitimate as to an Amana might not be legitimate as to an Amanda. As such, we conclude that appellant's argument pertaining to subsection 161.103(e) lacks an arguable basis in the law and in fact; thus, we cannot say that the trial court abused its discretion in determining that this issue is frivolous. *See In re K.D.*, 202 S.W.3d at 866.

Based on the foregoing, we conclude that appellant has not presented a substantial question for appellate review; thus, his appeal is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b); *see also Lumpkin*, 260 S.W.3d at 527. Accordingly, we affirm the trial court's frivolousness finding. And because appellant's appeal is frivolous, we need not address the merits of his complaints pertaining to the trial

court's termination order.  *See* TEX. R. APP. P. 47.1; *see also Lumpkin*, 260 S.W.3d at 526; *In re S.T.*, 239 S.W.3d at 454.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring with a note)*
     (Justice Davis dissenting)
Affirmed
Opinion delivered and filed August 24, 2011
[CV06]

*(Chief Justice Gray concurs in the Court's judgment to the extent that it affirms the trial court's judgment terminating the parental rights of Uvaldo Cortinas Ramirez a/k/a Ubaldo Cortinas Ramirez, to his children.  A separate opinion fully explaining the reasons for not joining the other justices' opinions will not issue.  He notes, however, that based on the procedural posture of the case, as initially presented to this Court, see Order issued May 4, 2011 (footnote 1), he would not have requested additional briefing and would have at that time affirmed the trial court's decision that the appeal was frivolous and, therefore, does not reach the issues presented in the statement of points either directly or indirectly.)