NUMBER
13-10-00683-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN
THE INTEREST OF D.S.G., A CHILD

 

 



On
appeal from the 267th District Court

of
Victoria County, Texas.

 

 



MEMORANDUM
OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Chief Justice Valdez

 

By one issue, appellant, the
Texas Department of Family and Protective Services, appeals the ruling of the
24th Judicial District Court of Victoria County denying its petition to
terminate D.H.’s parental rights to D.S.G. and finding its appeal from that
ruling to be frivolous.  We affirm the denial of the petition. 

I.  Background

On February 10, 2009,
several months after the Department of Public Safety raided her parents’ home
and discovered weapons and illegal drugs, D.S.G., a minor child, became the
subject of appellant’s temporary managing conservatorship.  Appellant filed a
petition to terminate the parental rights of D.H. and R.L.G., the child’s
mother and father. On July 23, 2010, the parties agreed to the district court’s
appointment of appellant as D.S.G.’s permanent managing conservator.  Under the
terms of the agreement, D.H. and R.L.G. were appointed possessory
conservators.  An order was entered reflecting the terms of the agreement, in
which the court stated its finding “that such appointment is in the best
interest of the child, and that the limited possession and access provided by
[the] order is required, and does not exceed the restrictions needed to protect
the best interest of the child.” 

Also on July 23, 2010, only
hours after the court entered an order on appellant’s first petition, appellant
filed a second petition to terminate the parental rights of D.H. and R.L.G.  A
bench trial was held on November 30, 2010.  Subsequently, on December 8, 2010, the
district court denied appellant’s second petition and entered an order
containing the following findings of fact:

1.         This Court is the Court of
continuing jurisdiction, a previous FINAL ORDER IN SUIT AFFECTING PARENT-CHILD
RELATIONSHIP in this cause appointing the Department of Family and Protective
Services Permanent Managing Conservator of the child [D.S.G.] and appointing
the mother [D.H.] and the father [R.L.G.] Possessory Conservators with limited
possession and access being signed on July 23, 2010.

2.         The pleading labeled ‘Second
Amended Petition for Protection of a Child, for Conservatorship, and for
Termination of the Parent-Child Relationship’ filed July 23, 2010, at 2:35 p.m.
is a new petition for termination filed after the 7/23/2010 rendition of the
FINAL ORDER IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP in this cause which was
filed at 10:38 a.m. on July 23, 2010, being an order previously denying the
termination of the parent-child relationship.  Therefore, Petitioner is
required to prove the elements as set forth in Family Code § 161.004 by clear
and convincing evidence for termination.

3.         The Court finds by clear and
convincing evidence that the mother [D.H.] has done the following prior to July
23, 2010:

a.         knowingly placed the child in
conditions or surroundings that endanger the child’s physical or emotional
well-being;

b.         knowingly allowed the child
to remain in conditions or surroundings that endanger the child’s physical or
emotional well-being; 

c.         engaged in conduct that
endangers the child’s physical or emotional well-being; and

d.         knowingly placed the child
with a person who engaged in conduct that endangers the child’s physical or
emotional well-being;

. . . .

6.         The Court deems the petition
will be considered filed effectively after the date of the 7/23/2010 order
denying termination was rendered, the petition being filed on the same day but
after the previous order which denied termination was filed and no party
objecting to the filing date prior to announcing ready on 11/30/2010, being
more than four months after 7/23/1010.

7.         The Court finds that
petitioner failed to prove by clear and convincing evidence that the
circumstances of the child, the mother, the father, or sole managing
conservator have materially and substantially changed since July 23, 2010, the
date the previous order denying termination was rendered. 

            In its order entered December 8,
2010, the district court also made the following conclusions of law:

1.         The parent-child relationship
between the mother D.H., the father R.L.G., and the child D.S.G. should not be
terminated, petitioner having not proven the element required under Texas
Family Code § 161.004(a)(2) by clear and convincing evidence.

2.         The FINAL ORDER IN SUIT
AFFECTING PARENT-CHILD RELATIONSHIP in this cause signed on July 23, 2010,
shall remain in full force and effect.

            After appellant filed its notice
of appeal, the district court entered an order in which it found the appeal to
be frivolous.  Subsequently, on January 18, 2011, appellant filed an amended
notice of appeal by which it also challenged the finding of frivolousness by
the district court.  See Tex.
Fam. Code Ann. § 263.405(g) (Vernon Supp. 2007).

II. Finding
of Frivolous Appeal

In a threshold issue, appellant
challenges the finding of the district court that its appeal is frivolous.  We
review a trial court’s determination that an appeal is frivolous for abuse of
discretion.  See In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.—San
Antonio 2006, no pet.).  Section 263.405(d)(3) of the family code directs the
trial court to determine whether an appeal from an order granting or denying a
petition to terminate parental rights is frivolous as provided by section
13.003(b) of the civil practice and remedies code.  See Tex. Fam. Code Ann. § 263.405(d)(3)
(West 2008); Tex. Civ. Prac. & Rem.
Code Ann. § 13.003(b) (West 2002).  In relevant part, the civil practice
and remedies code provides that “in determining whether an appeal is frivolous,
a judge may consider whether the appellant has presented a substantial question
for appellate review.”  Tex. Civ. Prac.
& Rem. Code Ann. § 13.003(b).  Once the trial court determines that
an appeal is frivolous, the scope of appellate review is statutorily limited to
a review of the trial court’s frivolousness finding.  In re K.D., 202
S.W.3d 860, 865 (Tex. App.--Fort Worth 2006, no pet.).  Accordingly, before
this Court can reach the merits of the substantive issue raised by appellant,
we must first determine whether the district court properly found the appeal to
be frivolous.  See In re S.T., 239 S.W.3d 452, 454 (Tex. App.—Waco 2007,
pet. denied).  

            In its sole issue on appeal,
appellant argues that the evidence was legally sufficient to establish grounds
for terminating the parental rights of D.H. and the district court committed
reversible error in denying termination.  The record does not support a finding
of frivolousness.  See De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152,
154 (Tex. App.—San Antonio 1998, no pet.) (“It is well established, however,
that a proceeding is ‘frivolous’ when it ‘lacks an arguable basis either in law
or in fact.’”); In re Q.W.J., 331 S.W.3d 9, 14 (Tex. App.—Amarillo 2010,
no pet.) (“In a contested termination proceeding, sufficiency of the evidence,
which both parents raise in their Statements of Points, is an arguable issue on
appeal.”); see also In re S.T., 239 S.W.3d at 455 (“[W]e hold as a
matter of due process that, because [father] has raised legal and factual
sufficiency claims, [the appeal is not frivolous and] the court reporter shall
file a transcript of ‘all of the evidence admitted’ at trial at no cost to the
appellant.”).  The district court’s order does not articulate any guiding rules
or principles that might be used to support its ruling.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).  Accordingly, we conclude
that the district court abused its discretion in finding the appeal to be
frivolous.  See In re M.N.V., 216 S.W.3d at 834.  We therefore address the
merits of the case.  

III. Denial of Petition to
Terminate Parental Rights

In its sole issue, appellant
contends that the district court erred in denying termination of D.H.’s
parental rights because the uncontested evidence proved that D.H. used
marijuana in February and August 2010, which according to appellant, is a
material and substantial change since the entry of the final order on July 23,
2010.  See Tex. Fam. Code Ann. § 161.004(a)(2)-(b) (West 2008). 
Appellant does not challenge the denial of termination with respect to the
parental rights of R.L.G. 

A.
Standard of Review

Termination proceedings must
be strictly scrutinized and involuntary termination statutes are to be strictly
construed in favor of the parent.  See Holick v. Smith, 685 S.W.2d
18, 20 (Tex. 1985).  As the Texas Supreme Court has explained:

The natural right existing between
parents and their children is of constitutional dimension . . . .  A
termination decree is complete, final, irrevocable and divests for all time
that natural right as well as all legal rights, privileges, duties and powers
with respect to each other except for the child’s right to inherit . . . .  Consequently,
termination proceedings should be strictly scrutinized, and involuntary
termination statutes strictly construed in favor of the parent.

Id.  

We review
the legal sufficiency of the evidence using the as-a-matter-of-law standard
because appellant had the burden of proof at trial and now argues that the
trial court, acting as the fact-finder, erred in not making findings in its
favor.  See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989).  Appellant must show that the evidence establishes, as a matter of law,
all vital facts supporting the issue.  See Dow Chem. Co. v. Francis, 46
S.W.3d 237, 241 (Tex. 2001).  

Clear
and convincing evidence is “the measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.”  Tex.
Fam. Code Ann. § 101.007 (West
2002); In re J.F.C., 96 S.W.3d 256, 264 (Tex. 2002). Because termination
findings must be based upon clear and convincing evidence, not simply a
preponderance of the evidence, the Texas Supreme Court has held that the
traditional legal and factual standards of review are inadequate.  See In re
J.F.C., 96 S.W.3d at 264-66.  Instead, in conducting a legal-sufficiency
review in a termination-of-parental-rights case, we must determine whether the
evidence, viewed in the light most favorable to the finding, is such that the
fact finder could reasonably have formed a firm belief or conviction about the
truth of the matter on which the movant in a termination proceeding bore the
burden of proof.  See id. at 266. In viewing the evidence in the light
most favorable to the judgment, we “must assume that the fact finder resolved
disputed facts in favor of its finding if a reasonable fact finder could do
so,” and we “should disregard all evidence that a reasonable fact finder could
have disbelieved or found to be incredible.”  In re J.P.B., 180 S.W.3d
570, 573 (Tex. 2005) (citing In re J.F.C., 96 S.W.3d at 266).  Only when
the contrary proposition is established conclusively should the point of error
be sustained.  See Dow Chem. Co., 46 S.W.3d at 241; see also City of
Keller v. Wilson, 168 S.W.3d 802, 814-17 (Tex. 2005).

B.
Analysis

According to appellant, the
evidence offered at trial establishes, as a matter of law, that a material and
substantial change occurred between July 23, 2010, when the district court
entered its order denying termination, and November 30, 2010, when a trial was
held on appellant’s second petition to terminate the parental rights of R.L.G.
and D.H.  Specifically, appellant argues that the evidence offered at trial
proves as a matter of law that D.H. tested positive for marijuana use in
February and August 2010 in violation of her community supervision
requirements.  The evidence also shows that D.H. had previously completed a
drug rehabilitation program as a condition of her deferred adjudication.  

Since one of the two
instances of alleged drug use occurred after the order was entered on July 23,
2010, appellant argues that the evidence establishes, as a matter of law, that
a material and substantial change occurred after the original order was entered
on July 23, 2010.  Appellant contends that the trial court committed reversible
error by denying appellant’s petition to terminate the parent-child
relationship based on D.H.’s use of marijuana.  We disagree.

In relevant part, section
161.004 of the Texas Family Code states as follows:

The court may terminate the parent-child
relationship after rendition of an order that previously denied termination of
the parent-child relationship if . . . the circumstances of the child, parent,
sole managing conservator, possessory conservator, or other party affected by
the order denying termination have materially and substantially changed
since the date that the order was entered.

Tex. Fam. Code Ann. §
161.004(a)(2) (emphasis added).  Appellant relies on section 161.001 of the
Texas Family Code, which provides in relevant part:

The court may order termination of the
parent-child relationship if the court finds by clear and convincing evidence
that the parent has used a controlled substance . . . in a manner that
endangered the health or safety of the child, and . . . after completion of a
court-ordered substance abuse treatment program, continued to abuse a
controlled substance.

Tex. Fam. Code Ann. §
161.001(1)(P)(ii) (West 2010).  

At trial, appellant argued
that D.H. should have her parental rights terminated and be denied
“reunification with her child for [taking] a hit [of marijuana].”  The district
court disagreed, finding that appellant had failed to prove by clear and
convincing evidence that the circumstances of the child, the mother, the
father, or sole managing conservator have materially and substantially changed
since July 23, 2010, the date the previous order denying termination was
entered.  See Tex. Fam. Code Ann.
§ 161.004(a)(2).  Having reviewed the record, we conclude that appellant has
failed to demonstrate that the evidence proved, as a matter of law, that a
material and substantial change had occurred since the entry of the order on
July 23, 2010.   

            In reaching this conclusion, we emphasize
the importance of the relevant dates.  Appellant argues that the district court
was free to consider any material and substantial change that occurred between
July 23, 2010, the date the first order was entered, and November 30, 2010, the
date when the court held a trial on appellant’s second petition.  We disagree. 


It is axiomatic that “a
parental rights termination order can be upheld only on grounds both pleaded
and proved by [appellant] and found by the trial court.”  Ruiz v. Tex. Dep't
of Family & Protective Servs, 212 S.W.3d 804, 813-14 (Tex. App.—Houston
[1st Dist.] 2006, no pet.).  In the case at bar, appellant argues that the
district court should have terminated D.H.’s parental rights based on drug use
that occurred in August 2010, well after its second petition for
termination was filed on July 23, 2010.  Given that this alleged drug use by
D.H. had not occurred when appellant filed its second petition for termination
of parental rights, we conclude that it was not fairly pleaded in the
petition.  Therefore, it cannot be relied upon for termination.  See id. 
Instead, we are limited to consideration of the drug use that allegedly took
place in February 2010, which was fairly pleaded in the petition.  Because this
drug use occurred months before the order was entered on July 23, 2010, it
cannot be considered a material and substantial change in the circumstances
occurring after the entry of the order.  See Tex. Fam. Code Ann. § 161.004(a)(2).  

Even if we were to consider
the evidence of drug use that occurred in August 2010, that evidence is not
sufficient to establish conclusively that a material and substantial change
occurred.  See Dow Chem. Co., 46 S.W.3d at 241.  The statute relied upon
by appellant relies requires more than mere use of a controlled substance, such
as marijuana.  See Tex. Fam. Code
Ann. § 161.001(1)(P)(ii). The statute requires proof that (1) the parent
used a controlled substance “in a manner that endangered the health or safety
of the child”; and (2) “after completion of a court-ordered substance abuse
treatment program, [the parent] continued to abuse a controlled substance.”  Id. 
In this case, appellant failed to offer evidence that D.H. used a controlled
substance “in a manner that endangered the health or safety of the child.”  Id. 
Thus, the outcome of our analysis would not be different even if we were to
consider the evidence that D.H. used marijuana in August 2010, after appellant
was appointed D.S.G.’s permanent managing conservator.  

In addition, because
this is an appeal from the denial, rather than granting, of a petition to
terminate parental rights, it is appellant’s burden to establish that the
district court had no discretion to deny termination.  See Tex. R. App. P. 44.1(a).  The district
court has statutory authority to terminate parental rights based on legally
sufficient evidence establishing grounds for termination, but the statute also gives
the court a measure of discretion, allowing it to deny termination even where
legally sufficient evidence is presented.  See Tex. Fam. Code Ann. §§ 161.001(1)(P)(ii), 161.004(a)(2).  Specifically,
the relevant sections of the family code state that the court “may terminate”
and “may order termination.”  See Tex.
Fam. Code Ann. §§ 161.001(1)(P)(ii), 161.004(a)(2).  Chapter 311 of the
Texas Government Code, also known as the Code Construction Act, explains that
the term “may” “creates discretionary authority or grants permission or a
power,” whereas the term “shall” “imposes a duty.” Tex. Gov’t Code Ann. §§  311.016(1), (2) (West 2005).  

Although appellant has
argued that the evidence was sufficient to prove its grounds for termination,
it has not acknowledged or attempted to negate the discretionary authority of
the district court to deny termination.  To sustain appellant’s issue, we would
have to interpret the statutory language “may terminate” and “may order
termination” as “shall terminate” and “shall order termination.”  See Tex. Gov’t Code Ann. §§  311.016(1),
(2) (West 2005).  Among other things, this reading of the statute deprives the
court of the discretion to enter an agreed order, as it did in this case.  Therefore,
we strictly construe the language of the statute to preserve the discretionary
authority that has been conferred on the court.  See Holick, 685
S.W.2d at 20.  Based on the foregoing, we conclude that appellant has not
established that the district court committed reversible error in denying the
petition for termination. See Tex.
R. App. P. 44.1(a). 

Appellant’s sole issue is
overruled. 

IV. Conclusion

            We affirm the district court’s
order denying appellant’s petition to terminate the parental rights of D.H. 

                                                                                                ___________________     

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

4th day of August, 2011.