

# NUMBER 13-10-00683-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF D.S.G., A CHILD

### On appeal from the 267th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, the Texas Department of Family and Protective Services, appeals the ruling of the 24th Judicial District Court of Victoria County denying its petition to terminate D.H.'s parental rights to D.S.G. and finding its appeal from that ruling to be frivolous. We affirm the denial of the petition.

## I. Background

On February 10, 2009, several months after the Department of Public Safety raided her parents' home and discovered weapons and illegal drugs, D.S.G., a minor

child, became the subject of appellant's temporary managing conservatorship. Appellant filed a petition to terminate the parental rights of D.H. and R.L.G., the child's mother and father. On July 23, 2010, the parties agreed to the district court's appointment of appellant as D.S.G.'s permanent managing conservator. Under the terms of the agreement, D.H. and R.L.G. were appointed possessory conservators. An order was entered reflecting the terms of the agreement, in which the court stated its finding "that such appointment is in the best interest of the child, and that the limited possession and access provided by [the] order is required, and does not exceed the restrictions needed to protect the best interest of the child."

Also on July 23, 2010, only hours after the court entered an order on appellant's first petition, appellant filed a second petition to terminate the parental rights of D.H. and R.L.G. A bench trial was held on November 30, 2010. Subsequently, on December 8, 2010, the district court denied appellant's second petition and entered an order containing the following findings of fact:

1.	This Court is the Court of continuing jurisdiction, a previous FINAL ORDER IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP in this cause appointing the Department of Family and Protective Services Permanent Managing Conservator of the child [D.S.G.] and appointing the mother [D.H.] and the father [R.L.G.] Possessory Conservators with limited possession and access being signed on July 23, 2010.

2.	The pleading labeled 'Second Amended Petition for Protection of a Child, for Conservatorship, and for Termination of the Parent-Child Relationship' filed July 23, 2010, at 2:35 p.m. is a new petition for termination filed after the 7/23/2010 rendition of the FINAL ORDER IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP in this cause which was filed at 10:38 a.m. on July 23, 2010, being an order previously denying the termination of the parent-child relationship. Therefore, Petitioner is required to prove the elements as set forth in Family Code § 161.004 by clear and convincing evidence for termination.

3. The Court finds by clear and convincing evidence that the mother [D.H.] has done the following prior to July 23, 2010:

a. knowingly placed the child in conditions or surroundings that endanger the child's physical or emotional well-being;

b. knowingly allowed the child to remain in conditions or surroundings that endanger the child's physical or emotional well-being;

c. engaged in conduct that endangers the child's physical or emotional well-being; and

d. knowingly placed the child with a person who engaged in conduct that endangers the child's physical or emotional well-being;

. . . .

6. The Court deems the petition will be considered filed effectively after the date of the 7/23/2010 order denying termination was rendered, the petition being filed on the same day but after the previous order which denied termination was filed and no party objecting to the filing date prior to announcing ready on 11/30/2010, being more than four months after 7/23/1010.

7. The Court finds that petitioner failed to prove by clear and convincing evidence that the circumstances of the child, the mother, the father, or sole managing conservator have materially and substantially changed since July 23, 2010, the date the previous order denying termination was rendered.

In its order entered December 8, 2010, the district court also made the following conclusions of law:

1. The parent-child relationship between the mother D.H., the father R.L.G., and the child D.S.G. should not be terminated, petitioner having not proven the element required under Texas Family Code § 161.004(a)(2) by clear and convincing evidence.

2. The FINAL ORDER IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP in this cause signed on July 23, 2010, shall remain in full force and effect.

After appellant filed its notice of appeal, the district court entered an order in which it found the appeal to be frivolous. Subsequently, on January 18, 2011, appellant filed an amended notice of appeal by which it also challenged the finding of frivolousness by the district court. *See* TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp. 2007).

## II. Finding of Frivolous Appeal

In a threshold issue, appellant challenges the finding of the district court that its appeal is frivolous. We review a trial court's determination that an appeal is frivolous for abuse of discretion. *See In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.). Section 263.405(d)(3) of the family code directs the trial court to determine whether an appeal from an order granting or denying a petition to terminate parental rights is frivolous as provided by section 13.003(b) of the civil practice and remedies code. *See* TEX. FAM. CODE ANN. § 263.405(d)(3) (West 2008); TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002). In relevant part, the civil practice and remedies code provides that "in determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b). Once the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding. *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.--Fort Worth 2006, no pet.). Accordingly, before this Court can reach the merits of the substantive issue raised by appellant, we must first determine whether the district court properly found the appeal to be frivolous. *See In re S.T.*, 239 S.W.3d 452, 454 (Tex. App.—Waco 2007, pet. denied).

In its sole issue on appeal, appellant argues that the evidence was legally sufficient to establish grounds for terminating the parental rights of D.H. and the district court committed reversible error in denying termination. The record does not support a finding of frivolousness. *See De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.) ("It is well established, however, that a proceeding is 'frivolous' when it 'lacks an arguable basis either in law or in fact.'"); *In re Q.W.J.*, 331 S.W.3d 9, 14 (Tex. App.—Amarillo 2010, no pet.) ("In a contested termination proceeding, sufficiency of the evidence, which both parents raise in their Statements of Points, is an arguable issue on appeal."); *see also In re S.T.*, 239 S.W.3d at 455 ("[W]e hold as a matter of due process that, because [father] has raised legal and factual sufficiency claims, [the appeal is not frivolous and] the court reporter shall file a transcript of 'all of the evidence admitted' at trial at no cost to the appellant."). The district court's order does not articulate any guiding rules or principles that might be used to support its ruling. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Accordingly, we conclude that the district court abused its discretion in finding the appeal to be frivolous. *See In re M.N.V.*, 216 S.W.3d at 834. We therefore address the merits of the case.

### III. Denial of Petition to Terminate Parental Rights

In its sole issue, appellant contends that the district court erred in denying termination of D.H.'s parental rights because the uncontested evidence proved that D.H. used marijuana in February and August 2010, which according to appellant, is a material and substantial change since the entry of the final order on July 23, 2010. *See*

TEX. FAM. CODE ANN. § 161.004(a)(2)-(b) (West 2008). Appellant does not challenge the denial of termination with respect to the parental rights of R.L.G.

### A. Standard of Review

Termination proceedings must be strictly scrutinized and involuntary termination statutes are to be strictly construed in favor of the parent. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). As the Texas Supreme Court has explained:

> The natural right existing between parents and their children is of constitutional dimension . . . . A termination decree is complete, final, irrevocable and divests for all time that natural right as well as all legal rights, privileges, duties and powers with respect to each other except for the child's right to inherit . . . . Consequently, termination proceedings should be strictly scrutinized, and involuntary termination statutes strictly construed in favor of the parent.

*Id.*

We review the legal sufficiency of the evidence using the as-a-matter-of-law standard because appellant had the burden of proof at trial and now argues that the trial court, acting as the fact-finder, erred in not making findings in its favor. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). Appellant must show that the evidence establishes, as a matter of law, all vital facts supporting the issue*. See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2002); *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). Because termination findings must be based upon clear and convincing evidence, not simply a preponderance of the evidence, the Texas Supreme Court has held that the traditional legal and factual standards of review

6

are inadequate.  *See In re J.F.C.*, 96 S.W.3d at 264-66.  Instead, in conducting a legal-sufficiency review in a termination-of-parental-rights case, we must determine whether the evidence, viewed in the light most favorable to the finding, is such that the fact finder could reasonably have formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof.  *See id.* at 266.  In viewing the evidence in the light most favorable to the judgment, we "must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so," and we "should disregard all evidence that a reasonable fact finder could have disbelieved or found to be incredible."  *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (citing *In re J.F.C.*, 96 S.W.3d at 266).  Only when the contrary proposition is established conclusively should the point of error be sustained.  *See Dow Chem. Co.*, 46 S.W.3d at 241*; see also City of Keller v. Wilson*, 168 S.W.3d 802, 814-17 (Tex. 2005).

## B. Analysis

According to appellant, the evidence offered at trial establishes, as a matter of law, that a material and substantial change occurred between July 23, 2010, when the district court entered its order denying termination, and November 30, 2010, when a trial was held on appellant's second petition to terminate the parental rights of R.L.G. and D.H.  Specifically, appellant argues that the evidence offered at trial proves as a matter of law that D.H. tested positive for marijuana use in February and August 2010 in violation of her community supervision requirements.  The evidence also shows that D.H. had previously completed a drug rehabilitation program as a condition of her deferred adjudication.

7

Since one of the two instances of alleged drug use occurred after the order was entered on July 23, 2010, appellant argues that the evidence establishes, as a matter of law, that a material and substantial change occurred after the original order was entered on July 23, 2010. Appellant contends that the trial court committed reversible error by denying appellant's petition to terminate the parent-child relationship based on D.H.'s use of marijuana. We disagree.

In relevant part, section 161.004 of the Texas Family Code states as follows:

> The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if . . . the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination *have materially and substantially changed since the date that the order was entered*.

TEX. FAM. CODE ANN. § 161.004(a)(2) (emphasis added). Appellant relies on section 161.001 of the Texas Family Code, which provides in relevant part:

> The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has used a controlled substance . . . in a manner that endangered the health or safety of the child, and . . . after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

TEX. FAM. CODE ANN. § 161.001(1)(P)(ii) (West 2010).

At trial, appellant argued that D.H. should have her parental rights terminated and be denied "reunification with her child for [taking] a hit [of marijuana]." The district court disagreed, finding that appellant had failed to prove by clear and convincing evidence that the circumstances of the child, the mother, the father, or sole managing conservator have materially and substantially changed since July 23, 2010, the date the previous order denying termination was entered. *See* TEX. FAM. CODE ANN. §

8

161.004(a)(2). Having reviewed the record, we conclude that appellant has failed to demonstrate that the evidence proved, as a matter of law, that a material and substantial change had occurred since the entry of the order on July 23, 2010.

In reaching this conclusion, we emphasize the importance of the relevant dates. Appellant argues that the district court was free to consider any material and substantial change that occurred between July 23, 2010, the date the first order was entered, and November 30, 2010, the date when the court held a trial on appellant's second petition. We disagree.

It is axiomatic that "a parental rights termination order can be upheld only on grounds both pleaded and proved by [appellant] and found by the trial court." *Ruiz v. Tex. Dep't of Family & Protective Servs*, 212 S.W.3d 804, 813-14 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In the case at bar, appellant argues that the district court should have terminated D.H.'s parental rights based on drug use that occurred in August 2010, well *after* its second petition for termination was filed on July 23, 2010. Given that this alleged drug use by D.H. had not occurred when appellant filed its second petition for termination of parental rights, we conclude that it was *not* fairly pleaded in the petition. Therefore, it cannot be relied upon for termination. *See id*. Instead, we are limited to consideration of the drug use that allegedly took place in February 2010, which was fairly pleaded in the petition. Because this drug use occurred months before the order was entered on July 23, 2010, it cannot be considered a material and substantial change in the circumstances occurring *after* the entry of the order. *See* TEX. FAM. CODE ANN. § 161.004(a)(2).

9

Even if we were to consider the evidence of drug use that occurred in August 2010, that evidence is not sufficient to establish conclusively that a material and substantial change occurred. *See Dow Chem. Co.*, 46 S.W.3d at 241. The statute relied upon by appellant relies requires more than mere use of a controlled substance, such as marijuana. *See* TEX. FAM. CODE ANN. § 161.001(1)(P)(ii). The statute requires proof that (1) the parent used a controlled substance "in a manner that endangered the health or safety of the child"; and (2) "after completion of a court-ordered substance abuse treatment program, [the parent] continued to abuse a controlled substance." *Id.* In this case, appellant failed to offer evidence that D.H. used a controlled substance "in a manner that endangered the health or safety of the child." *Id.* Thus, the outcome of our analysis would not be different even if we were to consider the evidence that D.H. used marijuana in August 2010, after appellant was appointed D.S.G.'s permanent managing conservator.

In addition, because this is an appeal from the denial, rather than granting, of a petition to terminate parental rights, it is appellant's burden to establish that the district court had no discretion to deny termination. *See* TEX. R. APP. P. 44.1(a). The district court has statutory authority to terminate parental rights based on legally sufficient evidence establishing grounds for termination, but the statute also gives the court a measure of discretion, allowing it to deny termination even where legally sufficient evidence is presented. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(P)(ii), 161.004(a)(2). Specifically, the relevant sections of the family code state that the court "may terminate" and "may order termination." *See* TEX. FAM. CODE ANN. §§ 161.001(1)(P)(ii), 161.004(a)(2). Chapter 311 of the Texas Government Code, also known as the Code

10

Construction Act, explains that the term "may" "creates discretionary authority or grants permission or a power," whereas the term "shall" "imposes a duty." TEX. GOV'T CODE ANN. §§ 311.016(1), (2) (West 2005).

Although appellant has argued that the evidence was sufficient to prove its grounds for termination, it has not acknowledged or attempted to negate the discretionary authority of the district court to deny termination. To sustain appellant's issue, we would have to interpret the statutory language "may terminate" and "may order termination" as "shall terminate" and "shall order termination." *See* TEX. GOV'T CODE ANN. §§ 311.016(1), (2) (West 2005). Among other things, this reading of the statute deprives the court of the discretion to enter an agreed order, as it did in this case. Therefore, we strictly construe the language of the statute to preserve the discretionary authority that has been conferred on the court. *See Holick*, 685 S.W.2d at 20. Based on the foregoing, we conclude that appellant has not established that the district court committed reversible error in denying the petition for termination. *See* TEX. R. APP. P. 44.1(a).

Appellant's sole issue is overruled.

### IV. Conclusion

We affirm the district court's order denying appellant's petition to terminate the parental rights of D.H.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
4th day of August, 2011.

11